UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE

2011 AUG -3 Docket

U.S. DISTRICT COURT
DISTRICT OF MASS..

PAULA J. KARAS

    Plaintiff

VS.

MASSPORT AUTHORITIES

    Defendant

### Affidavit of facts

  Now comes the plaintiff Paula J. Karas pro se in the above captioned matter and hereby solemnly swear that the facts contained herein are true and accurate to the best of my knowledge. The plaintiff alleged to the State of Massachusetts that she was a victim of criminal stalking. On Feb 9, 2008 the plaintiff alleged to be stalked on an airline trip departing from Logan Airport in Boston Massachusetts destination to LaGuardia Airport in New York. The plaintiff tried to seek injunctive relief for herself as a stalking victim. On August 2, 2008 the plaintiff and victim Ms. Paula J. Karas in this said case served the Massport Authorities a Massachusetts Norfolk County subpoena for the release of surveillance footage of her alleged stalkers. (See enclosed copy of subpoena served from the Massachusetts Norfolk County Sheriff Department dated on August 2, 2008.) When there was no injunctive relief brought to the plaintiff Ms. Paula J. Karas as a victim from the Massport Authorities for the release of this surveillance footage in question in this said case the plaintiff appealed that decision from the Massport Authorities to Massachusetts Secretary of State William Galvin office, Public Records Division. On September 12, 2011 the plaintiff Ms. Paula J. Karas received a United States Postal via-first class letter from Massachusetts Secretary of State William Galvin office, Public Records Division acknowledging the plaintiff Ms. Paula J. Karas appeal of the Massport Authorities denied decision to the plaintiff however then appealed to the Secretary of State William Galvin office, Public Records Division. (See enclosed copy of United States Postal via-first class letter sent to the plaintiff Ms. Paula J. Karas from Massachusetts Secretary of State William Galvin office, Public Records Division dated on September 12, 2008.) On August 21, 2008 the plaintiff Ms. Paula J. Karas received a United States Postal via-first class response letter from the defendants Massport Authorities denying her injunctive relief as a victim under the United States Constitution regarding the release of identifying surveillance footage of her alleged stalkers from Logan Airport surveillance cameras. (See enclosed copy of United States Postal via-first class letter from the defendants Massport Authorities sent to the plaintiff Ms. Paula J. Karas dated on August 21, 2008.) On August 27, 2008 the plaintiff Ms. Paula J. Karas

received another United States Postal via-first class response letter from the defendants Massport Authorities denying the plaintiff Ms. Paula J. Karas injunctive relief as a victim under the United States Constitution regarding the release of identifying surveillance footage of her alleged stalkers from Logan Airport surveillance cameras. (See enclosed copy of United States Postal via-first class response letter sent to the plaintiff Ms. Paula J. Karas from the defendants Massport Authorities dated on August 27, 2008.) On September 26, 2008 the plaintiff Ms. Paula J. Karas received a United States Postal via-first class letter from Massachusetts Secretary of State William Galvin office, Supervisor of Public Records Division closing the plaintiff Ms. Paula J. Karas said case and the acknowledgement of the defendants Massport denial of the lack of injunctive relief for he plaintiff for the failure to lawfully release surveillance footage of the plaintiff and victim in this said case Ms. Paula J. Karas alleged stalkers. (See enclosed copy of United States Postal via-first class letter sent to the plaintiff Ms. Paula J. Kars from Massachusetts Secretary of State William Galvin office, Supervisor of Public Records Division dated on September 26, 2008.) On May 10, 2010 the plaintiff Ms. Paula J. Karas received another duplicate letter from the defendants Massport Authorities dated on August 21, 2008 however sent to the plaintiff again Ms. Paula J. Karas by via-fax on May 10, 2010.) (See enclosed copy of United States Postal via-first class letter dated on August 21, 2008 sent again to the plaintiff Ms. Paula J. Karas by the defendants Massport Authorities by via-fax on May 10, 2010.)

Signed under the Pains
Penalties of Perjury this
day of August 3, 2011.

*Paula J. Karas*

I Paula J. Karas do solemnly swear that I served a copy of this affidavit by via-certified mail on August 3, 2011 to the defendants Massport Authorities. Located at 1 Harborside Drive East Boston Massachusetts 02128.

FORM 494 SUMMONS WITH OFFICERS RETURN

AUG 6 '08 AM 11:36

# The Commonwealth of Massachusetts

RECEIVED
MASSPORT LEGAL DEPT

Norfolk County ss.

To Massport Administrative Legal Dept. 1 Harborside Dr Suite 200S East Boston, MA 02128-2909 greeting.

You are hereby commanded, in the name of The Commonwealth of Massachusetts, to appear before the .................. Court holden at .................. within and for the county of .................. on the .................. day of .................. at .................. o'clock in the .................. noon, and from day to day thereafter, until the action hereinafter named is heard by said court, to give evidence of what you know relating to an action of .................. then and there to be heard and tried between .................. PAULA KACAS Plaintiff, and Joseph Menzelli Defendant, and you are further required to bring with you To Subpeona Surveillance tapes of a domestic violence stalker and his accomplice. These two perpetrators had the same flight arrangement as me, however their plane left shortly after mine did, after 9:39 A.M. on Feb. 20. Tapes of February 7, 2008 flight from Logan to LaGuardia airport. Not De airlines. I request this under the free information A Paula Kai

Hereof fail not, as you will answer your default under the pains and penalties in the law in the behalf made and provided.

Dated at Natick, MA the 2nd day of August A.D. 2008

SHERIL A. SEARS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires July 27, 2012

Sheril A Sears
Notary Public Justice of the Peace



# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Alan N. Cote
*Supervisor of Records*

September 12, 2008
**SPR08/225**

Ms. Paula Karas
169 Medway Road, Apt. 1-9
Milford, MA 01757

**Re:** surveillance tapes

Dear Ms. Karas:

I have received your letter appealing the response of the Massachusetts Port Authority to your request for records.

I have directed a member of my staff, Attorney Rebecca S. Murray, to review this matter. Upon completion of the review, I will advise you in writing of the disposition of this case. If in the interim you receive a satisfactory response to your request, please notify this office immediately.

Any further correspondence concerning this specific appeal should refer to the SPR case number listed under the date of this letter.

Very truly yours,

Alan N. Cote
Supervisor of Records

ANC/js

cc: Ms. Karen E. Romito, Esq.

```
                    ***********************
                    ***   TX REPORT    ***
                    ***********************

     TRANSMISSION OK

     TX/RX NO                        3296
     RECIPIENT ADDRESS               815084229607
     DESTINATION ID
     ST. TIME                        05/10 08:15
     TIME USE                        01'02
     PAGES SENT                      2
     RESULT                          OK
```



**Massachusetts Port Authority**
One Harborside Drive, Suite 200S
East Boston, MA 02128-2909
Telephone (617) 568-5000
www.massport.com

---

August 21, 2008

*Via First Class U.S. Mail*

Ms. Paula Karas
169 Medway Road, Apt. 1-9
Milford, MA 01757

  Re: August 6, 2008 Request for Videotape Surveillance at Logan Airport

Dear Ms. Karas:

  This letter is written on behalf of the Massachusetts Port Authority ("Massport") with regard to your most recent request for surveillance video tapes at Logan Airport, which was served upon Massport on August 6, 2008 by the Suffolk County Sheriff's office. In this request, you seek to obtain copies of "surveillance tapes of a domestic stalker [identified elsewhere as Joseph Menzelli] and his [unidentified] accomplice," whom you state were traveling to La Guardia Airport in New York on an unidentified flight out of Logan Airport ("not Delta Airlines") on February 9, 2008 at 9:39 a.m.

  Although you appear to be under the impression that the document served upon Massport by the Suffolk County Sheriff's office is a Subpoena, there is no docket number on this form identifying an underlying criminal or civil action pending in a Massachusetts Court. Further, ~~been notarized~~ by "Sheril A. Sears, Notary Public," the

authority to restrict disclosure and require protection of information related to the security of transportation and transportation facilities. See, 49 U.S.C. § 40019. TSA has implemented this authority by regulation at 49 C.F.R. Part 1520, which establishes categories of "Sensitive Security Information" or SSI. This regulation requires certain regulated entities (such as airport operators, air carriers and others) to ensure that their employees, contractors and other persons acting on their behalf restrict disclosure of and access to SSI to persons with an operational need to know. SSI may not be disclosed to the media, the public, or others unless authorized by TSA, and any requests to release SSI to persons without an operational need to know must be referred to TSA. Unauthorized disclosure of SSI is grounds for a civil penalty and other enforcement or corrective action by TSA.

Finally, to the extent any such footage exists, it would be exempt from disclosure by Massport under M.G.L. c. 4 § 7(26)(a) and (n). Accordingly, your request must be denied.

With respect to our determination that the footage is or would be exempt under M.G.L. c. 4 § 7(26)(a) and (n), you have the right to appeal that determination to the Supervisor of Public Records in the Office of the Secretary of the Commonwealth.

Sincerely,

Karen E. Romito
Legal Counsel/Litigation

Enclosure



# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Alan N. Cote
*Supervisor of Records*

September 26, 2008
**SPR08/225**

Ms. Paula Karas
169 Medway Road, Apt. 1-9
Milford, MA 01757

Dear Ms. Karas:

 I have received your petition appealing the response of the Massachusetts Port Authority (Authority) to your August 6, 2008 public records request. See G. L. c. 66, § 10(b) (2006 ed.) (Supervisor of Public Records has authority to resolve public records appeals); see also 950 C.M.R. 32.08(2) (appeal process). Specifically, you requested a copy of surveillance tapes taken on February 9, 2008 at 9:39 a.m.

 "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any town of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26) (2006 ed.). The statutory exemptions are strictly and narrowly construed. Globe Newspaper Co. v. Dist. Att'y for the Middle Dist., 439 Mass. 374, 380 (2003); Att'y Gen. v. Ass't Comm'r of the Real Prop. Dep't of Boston, 380 Mass. 623, 625 (1980).

 In a September 22, 2008 telephone conversation, Attorney Karen Romita, Legal Counsel to the Authority, informed Rebecca Murray, and attorney on my staff, that the Authority does not possess any records responsive to your request.

 There is no obligation for a custodian to create a record in response to a public records request. G. L. c. 66, § 10(a) (2006 ed.); 32 Op. Att'y Gen. 157, 165 (May 18, 1977). Additionally, there is a presumption that public officials perform their duties in

Ms. Paula Karas  SPR08/225
Page Two
September 26, 2008

an honest and impartial manner. LaPointe v. License Bd. of Worcester, 389 Mass. 545, 459 (1983); see also Konover Mgt.Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 326 (1992) (presumption that public officials will perform honestly and impartially).

Given that the Authority does not possess records responsive to your request and it is under no obligation to create these records, accordingly, I will consider this matter closed.

Very truly yours,

Alan N. Cote
Supervisor of Records

cc: Ms. Karen Romita, Esq.



**Massachusetts Port Authority**
One Harborside Drive, Suite 200S
East Boston, MA 02128-2909
Telephone (617) 568-5000
www.massport.com

August 27, 2008

*Via First Class U.S. Mail*

Ms. Paula Karas
169 Medway Road, Apt. 1-9
Milford, MA 01757

Re: August 6, 2008 Request for Videotape Surveillance at Logan Airport

Dear Ms. Karas:

This letter is written as a follow-up to our brief telephone discussion yesterday, in which you indicated that you had received my August 21, 2008 letter concerning your request for videotaped surveillance.

Since my August 21, 2008 letter, I have received your letter dated August 21, 2008, in which you included a $30.00 money order made payable to Massport. Since Massport is unable to confirm or deny the existence of cameras in the area(s) in question per Transportation Security Administration regulations (49 U.S.C. § 40019, which was implemented by regulation at 49 C.F.R. Part 1520), and since Massport has formally denied your public records request due to the fact that, to the extent that any such footage exists, it would be exempt from disclosure by MGL. c. M.G.L. c. 4 § 7(26)(a) and (n) (kindly refer to my August 21, 2008 letter), I am returning the money order to you. See attached.

As I informed you in my prior letter, you have the right to appeal that determination to the Supervisor of Public Records in the Office of the Secretary of the Commonwealth.

Sincerely,

Karen E. Romito
Legal Counsel/Litigation

Enclosure

```
         ***********************
         ***    TX REPORT    ***
         ***********************

         TRANSMISSION OK

         TX/RX NO                    3296
         RECIPIENT ADDRESS           815084229607
         DESTINATION ID
         ST. TIME                    05/10 08:15
         TIME USE                    01'02
         PAGES SENT                  2
         RESULT                      OK
```



**Massachusetts Port Authority**
One Harborside Drive, Suite 200S
East Boston, MA 02128-2909
Telephone (617) 568-5000
www.massport.com

August 21, 2008

*Via First Class U.S. Mail*

Ms. Paula Karas
169 Medway Road, Apt. 1-9
Milford, MA 01757

   Re: August 6, 2008 Request for Videotape Surveillance at Logan Airport

Dear Ms. Karas:

   This letter is written on behalf of the Massachusetts Port Authority ("Massport") with regard to your most recent request for surveillance video tapes at Logan Airport, which was served upon Massport on August 6, 2008 by the Suffolk County Sheriff's office. In this request, you seek to obtain copies of "surveillance tapes of a domestic stalker [identified elsewhere as Joseph Menzelli] and his [unidentified] accomplice," whom you state were traveling to La Guardia Airport in New York on an unidentified flight out of Logan Airport ("not Delta Airlines") on February 9, 2008 at 9:39 a.m.

   Although you appear to be under the impression that the document served upon Massport by the Suffolk County Sheriff's office is a Subpoena, there is no docket number on this form identifying an underlying criminal or civil action pending in a Massachusetts Court. Further, notarized by "Sheril A. Sears, Notary Public," the

authority to restrict disclosure and require protection of information related to the security of transportation and transportation facilities. See, 49 U.S.C. § 40019. TSA has implemented this authority by regulation at 49 C.F.R. Part 1520, which establishes categories of "Sensitive Security Information" or SSI. This regulation requires certain regulated entities (such as airport operators, air carriers and others) to ensure that their employees, contractors and other persons acting on their behalf restrict disclosure of and access to SSI to persons with an operational need to know. SSI may not be disclosed to the media, the public, or others unless authorized by TSA, and any requests to release SSI to persons without an operational need to know must be referred to TSA. Unauthorized disclosure of SSI is grounds for a civil penalty and other enforcement or corrective action by TSA.

Finally, to the extent any such footage exists, it would be exempt from disclosure by Massport under M.G.L. c. 4 § 7(26)(a) and (n). Accordingly, your request must be denied.

With respect to our determination that the footage is or would be exempt under M.G.L. c. 4 § 7(26)(a) and (n), you have the right to appeal that determination to the Supervisor of Public Records in the Office of the Secretary of the Commonwealth.

Sincerely,

Karen E. Romito
Legal Counsel/Litigation

Enclosure